CUNNINGHAM, J., CONCURRING:
I concur in the majority opinion. I only write to fire a shot across the bow.
It is well settled law, as well as common sense, that law enforcement is authorized to stop and cite drivers upon our public highways for traffic violations. This includes such minor infractions as obstructed license plate, failure to use turn signal, faulty tail lights, and many more.
However, these stops are not akin to the shaking down of cars and people at border crossings.
The use of large police dogs straining at their leashes and directed in their foraging by uniform policemen are needed at times. But they are always intimidating. Neither a driver, nor a vehicle stopped only for a simple traffic violation, should be subject to this invasion without the officer having acquired articulable suspicion that some other mischief is afoot. Therefore, I do not *286 support the use of canine inspection of vehicles without the circumstances reaching such a level, even if done simultaneously with the processing of the traffic stop and without any delay of that purpose. It may not be a violation of the U.S. Constitution. But we have our own collective conscience in the Commonwealth of Kentucky as proudly asserted in Section 10 of our state constitution.
I realize that this practice in not normally utilized with our typically Ozzie and Harriet family on the way to the beach. The subjects are usually not our best citizens, and there may be, in fact, a high likelihood that some other crime is being committed. However, our sacred pledge of equal "justice for all" is not reserved for hollow recantations at public gatherings.
Keller and Venters, JJ., join.